This was an action for actionable negligence brought by plaintiff against defendants. The plaintiff alleged: "(1) That the defendant, A. B. Houtz, is now, and was at the times hereinafter set forth, the owner and in possession of a sawmill situate in the county of Perquimans, in said State, and at the time of the injuries hereinafter complained of, was engaged in operating said mill for the manufacture of lumber and staves."
The defendants' answer to the complaint says: "Section 1 of the complaint is denied."
The issues submitted to the jury were as follows:
"1. Was the plaintiff injured by the negligence of the defendant, Richard McNeal, as alleged in the complaint?
2. Was the plaintiff injured by the negligence of the defendant, A. B. Houtz, as alleged in the complaint?
3. Did the plaintiff assume the risk of his injury as alleged in the answer?
4. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer?
5. What damages, if any, is the plaintiff entitled to recover?"
The court below rendered the following judgment: "This cause coming on now to be heard and being heard, and issues having been submitted to the jury as appears of record; and the court having announced, at the conclusion of the testimony, that he would charge the jury upon the second issue as follows, to wit: If you believe the evidence, and find the facts to be as all the evidence tends to show, then it would be your duty to answer the second issue No; and the plaintiff, through his counsel, having thereupon stated, in open court, that he elected to take voluntarily, a judgment as of nonsuit as to the defendant, Richard McNeal, and that, in deference to the court's announced views and ruling upon the second issue, he further elected to submit involuntarily to a judgment as of nonsuit as to the defendant, A. B. Houtz. Now, therefore, it is ordered, decreed and adjudged that judgment as of nonsuit be, and same is hereby entered, and that the defendants go without day."
Plaintiff contends that "The sole question presented on this record is whether plaintiff offered and was permitted to introduce sufficient evidence to make out a prima facie case of liability against defendant, A. B. Houtz, or whether the judge was justified in intimating an opinion adverse to plaintiff's right to recover as against said defendant."
We do not think there was any error in the rulings of the court below or the judgment signed. We see no merit in plaintiff's assignments of error. We do not think the evidence sufficient to be submitted to the jury. Dennyv. Snow, ante, 773. The judgment of the court below is
Affirmed.